IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLE BARRACKMAN, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-06-3622 |
| MARVIN EUGENE BANISTER, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

This case was removed to federal district court on November 16, 2006. The defendants are citizens of Oklahoma; federal removal jurisdiction was based on diversity of citizenship.

The plaintiffs filed a motion to remand, asserting that removal was untimely. (Docket Entry No. 5). They argue that the statutory agents for the defendants, the Chair of the Texas Transportation Commission and the Texas Secretary of State, were served on October 11, 2006 and that the 30-day period for removal expired on November 10, 2006. The plaintiffs attach certificates stating that the statutory agents forwarded the citation and petition to the defendants by certified mail. The Chair of the Texas Transportation Commission received a receipt on October 26, 2006 showing delivery; the Secretary of State received a receipt on October 30, 2006 showing that delivery could not be made at the address provided. In the notice of removal, the defendants, Marvin Eugene Banister and Roadrunner Delivery

Service, Inc., state that they were served with a copy of the citation and petition on October 23, 2006.

The question is whether the time for removal begins running when a statutory agent is served with process or when the defendant actually receives a copy of the complaint from that agent. The majority of the courts considering this question have held that the time for removal runs from the receipt by the named defendant after transmission from the statutory agent. *See Burton v. Continental Cas. Co.*, 431 F. Supp. 2d 651 (S.D. Miss. 2006) (holding that service on statutory agent insufficient to begin removal period); *Backes v. Colonial Life & Accidence Ins. Co.*, 2006 WL 901799 (E.D. La. April 4. 2006); *Cox v. Sprung's Transport & Movers Ltd.*, 407 F. Supp. 2d 754, 756 (D.S.C. 2006) (holding that service upon statutory agent insufficient to begin period for removal); *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002) ("where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process"); *Hibernia Community Development Corp. v. U.S.E. Community Servs. Group, Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001) (removal period runs from time the named defendant actually receives the complaint, not from when statutory agent served); *Auguste v. Nationwide Mutual Ins. Co.*, 90 F. Supp.2d 231, 232 (E.D.N.Y. 2000) (same); *Baum v. Avado Brands, Inc.*, 1999 WL 1034757, at *2 (N.D. Tex. Nov. 12, 1999) (commenting on and adopting majority view); *1015 Half Street Corp. v. Warehouse Concepts, Inc.*, 1999 WL 1212885, at *2 (D.D.C. Oct. 26, 1999) (same); *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998) (same); *Wilbert v. Unum Life Ins. Co.*, 981 F. Supp. 61,

63 (D.R.I. 1997) ("When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent"); *Pilot Trading Co. v. Hartford Ins. Group*, 946 F.Supp. 834, 839 (D. Nev. 1996) (time for removal runs from time of actual receipt by the named defendant); *Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (same); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D. Mich.1995) (same); *Skidaway Assocs. Ltd. v. Glens Falls Ins. Co.*, 738 F. Supp. 980, 982 (D.S.C. 1990) ("The law appears to be settled that service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant.").

In *Bodden v. Union Oil Co. of Cal.*, 82 F. Supp. 2d 584 (E.D. La. 1998), the court reached the opposite result. In *Bodden,* as in this case, the defendants removed the action over thirty days beyond the time that their statutorily appointed agents were served with process, but within thirty days from the time that they received actual notice of the suit. The district court, while recognizing that its holding was in conflict with all other reported decisions on the issue, determined that calculating the removal period from the time of service on the statutory agent was the proper rule. The courts examining the same issue since *Bodden* have rejected the reasons given for the result reached and held when process is served on a statutory agent, the section 1446(b) removal period begins when the named defendant actually receives the pleading. *See, e.g., Backes*, 2006 WL 901799. The *Bodden* court relied on the fact that Louisiana law provided that service was effective when the

3

statutory agent was served. While state law generally provides that service on the statutory agent brings the named defendant under the power of the court, state law does not determine when removal effected. *See generally* 14C Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3732, at 290 & n.12 (3d ed.1998)); *see also Kurtz v. Harris*, 245 F.Supp. 752, 754 (S.D. Tex.1965) ("service of a statutory agent does not satisfy [§ 1446(b)], regardless of what effect state law gives such service"); *Welker v. Hefner*, 97 F.Supp. 630, 631 (E.D. Mo.1951) ("The right of removal being conferred by the Federal Constitution and laws is beyond the reach of curtailment by State Action"). Instead, the removal period begins only "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." The *Bodden* court's reliance on Louisiana law to determine that service on a statutory agent should begin the removal period was misplaced. The *Bodden* court also refused to use the named defendant's actual receipt of the complaint to calculate the removal period on the ground that greater uncertainty would result. It is the defendant's burden to prove that removal is proper, and, as in the present case, the defendant is readily able to show when he actually received the pleading from the statutory agent. Additionally, because a statutory agent has no power to remove a case, a defendant should have thirty days from when that defendant receives the complaint from the statutory agent to determine whether removal is appropriate.

Accordingly, this court agrees with the overwhelming majority of district courts in holding that when a statutory agent is served with the summons and complaint, the named defendant's time to remove the action is not triggered until that defendant actually receives

the pleading. Because the defendants removed within thirty days of actual receipt of the complaint in this case, the plaintiffs are not entitled to remand.

The motion to remand is denied. (Docket Entry No. 5).

SIGNED on January 22, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge