## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLE BARRACKMAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-3622 |
| | § | |
| MARVIN EUGENE BANISTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

In this personal injury vehicle accident case, the defendants move for reconsideration of this court's order denying sanctions, including dismissal. For the reasons explained below, the motion is denied.

## I.    Background

The events giving rise to the request were set out in affidavits and in arguments presented in a hearing held on June 22, 2007. The plaintiff is 19 years old and had been in a June 2006 accident. She was scheduled for an independent medical examination ("IME") on May 9, 2007 and for back surgery on May 11, 2007. The defendants' counsel was aware of the scheduled surgery. The plaintiff lives approximately 60 miles outside of Houston. On May 9, 2007, the doctor scheduled to perform the IME had to cancel the examination. It was rescheduled for the following day, May 10, in Houston. The plaintiff filed an affidavit stating that on May 10, she had attempted to drive to the appointment, but a traffic accident closed the roads. Although the offices of counsel for both parties were quickly made aware

of the plaintiff's failure to attend the IME, the plaintiff's counsel was in trial in another case and steps to prevent the surgery from occurring as scheduled were not put into place fast enough.  The defendants sought sanctions, including dismissal, because the plaintiff had surgery before the IME was conducted.

In the June 22, 2007 hearing, this court concluded that the defendants had not shown a wilful intent to destroy or alter evidence or an intent to disregard the order requiring an MRI.  While denying the motion for sanctions, the court did order the plaintiff to pay the costs of having the defendants depose the doctor who performed the back surgery and who had done presurgery examinations of the plaintiff.  That deposition has not been taken.

The defendants moved for reconsideration based on the plaintiff's affidavit statement that on May 10, 2007, she had attempted to travel to Houston for the IME but could not because of traffic problems.  The defendants argued that the medical records for the May 11 surgery showed that on the morning of May 10, the plaintiff had been in Houston raising serious questions about her previous statements that she could not travel from her home to Houston for the MRI on that date.

In response, the plaintiff submitted another affidavit.  She explained that she had come to Houston on the morning of May 10 for her pre-operative appointment and was driving back to her home in Shepherd, Texas, when she learned that the IME cancelled the previous day had been rescheduled for that afternoon.  The plaintiff turned around to drive back to Houston.  That was when the highway closed due to an accident, which prevented the plaintiff from returning to Houston.  The plaintiff informed the paralegal at her lawyer's

2

office of her inability to make the IME appointment.  No one explained that she needed to reschedule her back surgery.

## II.   Analysis

The record before this court does not support the sanctions that the defendants seek. "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. April 12, 1996).  The sanction imposed must be "the least severe sanction adequate to achieve the desired result."  *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

Under Federal Rule of Civil Procedure 37, a district court may impose sanctions on a party who fails to comply with a discovery order.  Rule 37 "contains two standards – one general and one specific – that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).  The sanction of a default judgment is warranted when the penalized party's discovery violation is willful and when a lesser sanction would not substantially achieve the desired deterrent effect.  *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); *Jones v. La. State Bar Ass'n*, 602 F.2d 94, 96–97 (1979).  The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial

and whether the client was blameless in the violation. *$49,000 Currency*, 330 F.3d at 376 (citing *Batson*, 765 F.2d at 514).

Rule 41(b)of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or to comply with any order of the court. Rule 41(b) dismissals "are affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." *Wash v. Johnson*, 108 Fed. Appx. 154, 156 (5th Cir. 2004) (quoting *Dorsey v. Scott Wetzel Servs.*, 84 F.3d 170, 171 (5th Cir. 1996)) (quotations omitted). Dismissal "is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors," which include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (footnote omitted). The Fifth Circuit has affirmed dismissals only in cases where a party repeatedly failed to comply with court orders, despite warnings that sanctions might result. *See, e.g.*, *Thanedar v. Time Warner Commc'ns of Houston, LLP*, 227 Fed. Appx. 385, 385 (5th Cir. 2007) (affirming dismissal "[i]n light of [the plaintiff's] serially contumacious conduct"); *Beard v. Experian Info. Solutions Inc.*, 214 Fed. Appx. 459, 462 (5th Cir. 2007) (affirming dismissal on the grounds that the plaintiff "failed to comply with several court orders and failed to prosecute his case" after repeated warnings that failure to timely comply with the court's orders could

result in sanctions, including dismissal);  *Dorsey*, 84 F.3d at 171–72 (affirming dismissal after the plaintiff failed to timely file a joint pretrial order, appear for docket call, timely designate an expert, and appear for trial); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106–07 (5th Cir. 1987) (affirming dismissal after the plaintiff had engaged in a "pattern of delay" for over two years "in the face of three warnings of dismissal").

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jacques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997).  In order to impose sanctions against a party under its inherent power, a court must make a specific finding that the party acted in bad faith.  *Toon v. Wackenhut Corr. Corp.,* 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)).  The court is "to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Courts have the authority to make credibility determinations to resolve whether such misconduct has occurred.  *See Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 808–09 (5th Cir. 2003); *Carroll*, 110 F.3d at 293; *Matter of United Markets Int'l, Inc.*, 24 F.3d 650, 655 (5th Cir. 1994).

The record does not show that the plaintiff's failure to attend the May 10 rescheduled IME before proceeding with surgery on May 11 was an intentional disregard of the court's order or to destroy or alter evidence.  The plaintiff had been scheduled for the IME on May 9; it was abruptly canceled by the doctor on May 9 and rescheduled with little advance notice

5

on May 10.  There is evidence that the plaintiff attempted to get to the IME.  There is no evidence that she was told to postpone the surgery that had been scheduled for the following day.  There is no evidence that her own lawyer was knowingly complicit in her failure to postpone the surgery; he was in trial and the only conversations the plaintiff had were with the paralegal.  Counsel for the defendants was aware of the scheduling mishaps but did not realize the problem soon enough to stop the surgery from occurring as scheduled.  The defendants' expert witness has expressed an opinion.  Information as to the plaintiff's condition before the surgery is presumably still available from the doctor who did the surgery, who has not yet been deposed, according to the court's file.  Such information will mitigate any prejudice to the defendants.

The motion for reconsideration is denied.

SIGNED on January 31, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

6